UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY WILLIAMS,

    Plaintiff,

v.                                         Case No. 1:25-cv-173

CHURCHILL DOWNS TECHNOLOGY       Hon. Hala Y. Jarbou
INITIATIVES COMPANY,

    Defendant.
_____/

## **ORDER**

    On January 16, 2025, Plaintiff Henry Williams, the Executive Director of the Michigan Gaming Control Board, filed this lawsuit in state court seeking a temporary restraining order and preliminary injunction against Defendant Churchill Downs Technology Initiatives Company ("TwinSpires"). (Compl., ECF No. 1-1.) Williams claims that TwinSpires's Michigan operations violate state law and should be shut down. TwinSpires filed a notice of removal in the United States District Court of the Eastern District of Michigan on January 21, 2025, asserting federal question jurisdiction under 28 U.S.C. § 1331.

    Williams's state court action (which TwinSpires removed) bifurcated the matter. Four days before Williams filed this action in state court, TwinSpires had filed a lawsuit in this Court seeking preliminary and permanent injunctions that would prevent Williams and other Michigan officials from imposing sanctions on TwinSpires for accepting wagers from individuals in Michigan. Complaint 23, *Churchill Downs Tech. Initiatives Co. v. Mich. Gaming Control Bd.*, No. 1:25-cv-47 (W.D. Mich. Jan. 12, 2025), ECF No. 1. This Court issued a preliminary injunction, based on the preemptive character of the Interstate Horseracing Act ("IHA"), that

prevents Michigan officials from imposing sanctions on TwinSpires for accepting wagers from individuals in Michigan on races that take place outside of Michigan. *Churchill Downs Tech. Initiatives Co. v. Mich. Gaming Control Bd.*, No. 1:25-cv-47, 2025 WL 539972 (W.D. Mich. Feb. 19, 2025). The preliminary injunction remains in effect.

Two days after the preliminary injunction was issued, this case was transferred to the Western District of Michigan and assigned to the undersigned. At first, Plaintiff wanted to keep this matter in state court, filing a motion for remand. (ECF No. 8.) The parties then filed a proposed stipulation and order to consolidate this case (1:25-cv-173) with the lawsuit that TwinSpires had already filed in this Court (1:25-cv-47). (ECF No. 18.) However, before addressing consolidation, the Court must first determine whether it has jurisdiction. For the reasons stated herein, the Court will remand this case for lack of subject matter jurisdiction.

The Court may consolidate two actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). But consolidation "does not merge the suits into a single cause, or change the rights of the parties." *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933). In order to consolidate two cases, the Court must have jurisdiction over both of them. *See id.* (explaining that the consolidation of two cases does not cure a deficiency in one of them); *see also Mu Ju Li v. Mukasey*, 515 F.3d 575, 580 n.5 (6th Cir. 2008) (denying consolidation when the court lacks jurisdiction over one of the cases); *Hilman v. Am. Axle & Mfg., Inc.*, No. 05-cv-731960, 2005 WL 2448994, at *5 n.5 (E.D. Mich. Sept. 30, 2005) ("While it is true that the two cases overlap to a great extent, the court cannot consolidate where, as here, it lacks jurisdiction over one of the two actions."). While the Court generally disfavors bifurcating cases with overlapping questions of fact and law, it is appropriate here because the Court only has jurisdiction over one of the matters.

The Court lacks jurisdiction in this case. When, as here, a plaintiff brings claims based in state law, "[g]enerally, preemption provides a defense, not a basis for removal." *Hudak v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 852 (6th Cir. 2023) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)). For this removal analysis, it is important to distinguish between ordinary preemption and complete preemption. "Ordinary preemption . . . flows from the Supremacy Clause of the United States Constitution and provides only a defense that can be invoked in state or federal court." *Id.* (citing *Matthews v. Centrus Energy Corp.*, 15 F.4th 714, 720 (6th Cir. 2021)).[1] "The 'misleadingly named doctrine' of complete preemption, by contrast, refers to a jurisdictional doctrine that is distinct from ordinary preemption." *Id.* (quoting *Hogan v. Jacobson*, 823 F.3d 872, 879 (6th Cir. 2016)). Complete preemption refers to instances in which "'the preemptive force of a federal statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (cleaned up) (quoting *Caterpillar Inc.*, 482 U.S. at 393). To do so, the federal statute must either expressly permit removal of state claims or "wholly displace[] the state-law cause of action." *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322-23 (6th Cir. 2005) (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). A defendant may remove a state law claim based on complete preemption, but not ordinary preemption. *Id.*

While "[t]he IHA occupies the field of interstate off-track wagers," *Churchill Downs Technology Initiatives Co.*, 2025 WL 539972, at *14, field preemption fits under the umbrella of

---

[1] *Hudak* only discusses when a defendant invokes preemption in the context of removal. This is, of course, distinct from when a plaintiff "seeks injunctive relief from state regulation[] on the ground that such regulation is pre-empted by a federal statute," for which there is an implied cause of action that "presents a federal question." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983); *see also Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326 (2015) ("[A]s we have long recognized, if an individual claims federal law immunizes him from state regulation, the court may issue an injunction upon finding the state regulatory actions preempted." (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908))); *Churchill Downs Tech. Initiatives Co.*, 2025 WL 539972, at *3-4 (discussing the implied cause of action at length). While federal courts can have original jurisdiction when the *claim* is based on preemption, such is not the case when preemption only arrives as a *defense* to state law claims.

Supremacy Clause-based ordinary preemption, not the jurisdictional hurdle of complete preemption. The IHA does not expressly permit removal nor does it wholly displace state law causes of action. "[A] federal statute will completely preempt only those state-law claims that fall within the scope of the federal cause of action." *Hudak*, 58 F.4th at 853. Williams is not suing TwinSpires for violations of the IHA. Williams is suing TwinSpires for violations of the Michigan Horse Racing Law. Because Williams could not have brought his claim under the IHA, there is no complete preemption. *See id.* (explaining that complete preemption only exists if the state law claim could have been brought under the cause of action created by the federal statute). Because there is no complete preemption, and Williams's claims are based in state law, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331. The Court will remand for lack of subject matter jurisdiction.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for remand (ECF No. 8) is **GRANTED**. This case is remanded to the Third Judicial Circuit Court for Wayne County in the State of Michigan.

**IT IS FURTHER ORDERED** that the proposed stipulation and order to consolidate into case 1:25-cv-47 (ECF No. 18) is **DENIED**.

Dated: March 21, 2025                     /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Despite this remand, the Court reiterates that the preliminary injunction that prevents Michigan officials from imposing sanctions on TwinSpires for accepting wagers from individuals in Michigan on races that take place outside of Michigan remains in effect.